| Summons | CIVIL DOCKET NO. 22-0037F | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Brittany Appleberry<br>Plaintiff(s)<br>vs.<br>Whittier Street Health Center<br>Dunkin'<br>Boston University Henry H. Goldman School of Dental Medicine<br>Defendant(s) | | Michael Joseph Donovan — Clerk of Courts<br>Suffolk — County<br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO **Whittier Street Health Center** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that relate to the lawsuit, you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your court no more than 10 days after sending your Answer.

A true copy Attest
1-20-22
Deputy Sheriff Suffolk County

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20 ___ . (Seal)

Clerk-Magistrate _Michael Joseph Donovan_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.  TO PROCESS SERVER:**
   **PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 1/2019

2

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT**
SUFFOLK, ss.
CIVIL ACTION
NO. 22-0037F

Brittany Appleberry
PLAINTIFF(S) (PRINT NAME CLEARLY)

**COMPLAINT**

vs.

Whittier Street Health Center, Dental &
DEFENDANT(S) (PRINT NAME CLEARLY)
Dunkn'
Boston University Henry M Goldman School of Dental Medicine

**PARTIES**

1. Plaintiff(s) reside(s) at 2 Waverly Street #305  Roxbury
   Street                      City or Town
   in the County of Suffolk

2. Defendant(s) reside(s) at 1290 Tremont Street
                                                  Roxbury
   in the County of Suffolk    Street             City of Town

**FACTS**

3. See Attached Sheet

_____
_____
_____

4. Answer this question only if you are seeking a restraining order against the defendant(s):

Have there been any other Court proceedings, criminal or civil, involving you or your family members and the defendant or defendant's family members?

Yes_____    No_____

If Yes, describe the Court proceeding(s) and its/their status. _____

_____
_____
_____

**WHEREFORE**, plaintiff demands that:

_____
She ~~compensates~~ receives a reward of
Payment to restore her teeth and
monetary Compensation for ~~~~
Suffrage.

SIGNED UNDER THE PENALTIES OF PERJURY.

DATE: 01.06.2022

*[Signature]*
**Signature of Plaintiff(s)**
2 Waverly St #305
**Street Address**
Boston
**City/Town**
918.939.9179
**Telephone**

October 28, 2021

**Plaintiff**

Brittany Appleberry

2 Waverly Street #305

Boston, MA, 02119

v

**Defendant 1**

Whittier Street Health Center

1290 Tremont Street

Roxbury, MA, 02120

**Defendant 2**

Dunkin'

130 Royall Street

Canton, MA 02021

**Defendant 3**

Boston University Henry M. Goldman School of Dental Medicine

635 Albany Street

Boston, MA, 02118

**Complaint:**

    Plaintiff - Brittany Appleberry - 2 Waverly Street # 305, Boston, MA, 02119 was a patient at Defendant 1 - Whittier Street Health Center - 1290 Tremont Street, Roxbury, MA, 02120 for about 5 years. Plaintiff received all of her health care services at this facility. She has been a dental patient for the same amount of time. At the start of the plaintiff's treatment in this facility, the plaintiff was told that ten teeth would have to be pulled because they were all back teeth. Some teeth were teeth that were root canaled and never crowned and others were teeth that needed to be root canaled. None of the back teeth were covered by her insurance, so MassHealth would not pay for the root canals that needed to be done in the back. After the teeth that would've been able to be saved had the root canals and crowns been paid for by the insurer, were pulled, the plaintiff would be eligible for a partial denture for the missing back teeth per initial treatment plan made by Defendant 1. Over the course of this time, the plaintiff has seen many dentists come and go, all the while delaying her dental treatment by having appointments postponed and even canceled by Defendant 1. The plaintiff has also had to rebook appointments for arriving five minutes late. The rebooking of the appointments would never be immediate. The appointments would be deferred for months on end. All of which, catered to the further deterioration of the plaintiff's teeth. She would have to wait to get fillings, root canals, and crowns. Just for them to be done incorrectly; such as break, leave a bad taste as if the tooth under the crown is decaying, as well as a bad smell because the temporary crown was on too long, the cement wore off and food particles would get stuck inside of the temporary crown. All of which, was due to the length of time that the plaintiff had to wait in-between appointments for the crowning of a tooth that was previously root canaled.

    Most recently, occurring while under the care of Dr. Nurulla. Initially, the plaintiff came in for an emergency appointment because tooth #8 broke while eating a plain bagel and strawberry cream cheese made from Defendant 2 - Dunkin'- 130 Royall Street, Canton, MA, 02021- in Biology class and was referred to him. In this capacity, they would have verbal disagreements which led to nothing getting done within these appointments and the plaintiff having to reschedule the appointment for a late date, which she already had to wait 2-3months for. Not to mention, tooth #7 and #8 was crowned with a permanent crown and the crowns were loose and wiggled after installation. The plaintiff warned the defendant of the problems with the crown and despite the warnings, the doctor denied that anything was wrong with it. Every time the plaintiff flossed that particular tooth, it gave a bad smell indicating that something may not be right within the crown. The floss was also able to give way under the crown between it and the gum. That also didn't seem right, but the doctor denied to correct it.

    Defendant 1, also stated to me that he would have to pull my last four premolars that are on the bottom of my mouth that needed minor work done to them like a filling for example, a slight intrusion or didn't have anything wrong with it at all. Every time the plaintiff was vocal about there not being anything wrong with her remaining teeth, a hole would magically appear after getting a tooth beside it treated. Also, there aren't any top premolars now to keep the bottom

ones in place, but this problem can be corrected with braces or an Invisalign. He kept stating that he had to take my premolars out, but has kept my last two wisdom teeth in the back of the plaintiff's mouth on the right side, and every medical doctor knows that wisdom teeth need to be removed because it can cause trouble with your bowel movement. They later referred the plaintiff to Defendant 3- Boston University Henry M. Goldman, School of Dental Medicine - 635 Albany Street, Boston, MA, 02118, for teeth #10 and #11 crowns.

There in an emergency consult, because there were not getting back to her to schedule an appointment, she got a second opinion about her last four premolars and the entire dental treatment. They reassured her that she would not have to get her premolars removed as they only need slight intrusion with braces because they extruded due to there not being any top ones, but she did not need them to be extracted. In their consult, conducted by Defendant 3, they told the plaintiff that she would need them to be extracted, because there wasn't enough space to place an implant or dentures with them in place. This doctor who made the observation was undressing her with his eyes and was also, the same either race or creed as Dr. Nurulla. Dr. Husain who appeared to be Caucasian observed each consult, professionally, then referred her to the orthodontist department in Defendant 3's facility to get a final decision. The final decision was made, that she would be able to intrude the premolars with braces and possibly a surgery, but it was without a doubt possible.

The plaintiff got all her x-rays and started to get the treatment plan underway and then it stopped because Defendant 3, did not want to continue treatment if they could not install the implants also. The plaintiff denied the implant treatment because they only had medal abutments and screws and the plaintiff made them aware that the medal isn't good for her health or mouth because the medal attracts radiation and can cause mouth cancer per her own experience with a previous medal post that was place in her mouth by Defendant 1 temporarily for a crown and post #8. In this time, she experienced blockage in her nasal passage when her heating radiator, television, microwave, and oven were going. All of which, the plaintiff had not experience before the post was placed in her mouth. Also, she found another facility, who had zirconia abutments and could install her implants using no metal at all.

The plaintiff install felt as if the same thing that happened with Defendant 1 was happening with Defendant 3, so she left to pursue her dental treatment elsewhere. The plaintiff had her root canals finished by a root canal specialist in Defendant 1's facility. Dr. Carmona asked her to make a follow up appointment after six months to see how it is healing. She was given trouble by the dental schedulers in Defendant 1's facility because they were trying to state that she wasn't able to see that particular doctor because she was referred to another facility. Eventually they allowed her to schedule that appointment because it was per the doctor's orders for the follow up. She then, went to schedule an appointment for a cleaning, after scheduling the appointment, they canceled it denying her services.

Dr. Nurulla tried to black ball her after he did treatment on teeth that when she left, looked and felt as if nothing was done to them at all or felt like they were worse off. She has had teeth that holes were drilled into while her mouth was numb with Novocain so that she didn't notice, to cause decaying and eventually need to be extracted. Over the course of time that she has been a dental patient at Defendant 1's facility, she has had teeth that were not crowned and have been prolonged to be crowned for years adding to the deterioration of my overall dental health. She asked if there were other dentist in the facility when the plaintiff spoke to Quality Assurance within the facility, to report the poor care given. Although, she knew for a fact that there was, Defendant 1's Quality Assurance personnel lied and stated that there wasn't. As an argument ensued, the personnel hung the phone up on me mid conversation without even hearing her complaint. August 19, 2021 the crown and post actually ended up breaking on tooth #8 and #7's crown fell off and despite all the prior warnings of something being wrong with the crown to Defendant 1, the doctor didn't fix it. Not to mention, the plaintiff would decline to get procaine unless extremely necessary because every time a procedure would require procaine and she allowed it to be administered, the needle would leave a small bump at the injection site and also, she would have an aggressive come down from the procaine, better known as procaine. For example, she would get overtly angry and have aggressive shivers when the numbing stopped. She also noticed that the doctor would keep the same disposable lab coat on from patient to patient and just change his gloves. She noticed that sometimes have bumps would appear on her lips or around her mouth after her visit. This is why the plaintiff is suing.

When the plaintiff bought coffee from Defendant 2 she noticed that she would have neck and joint pains as if she was suffering from Quick Silver/Mercury Poisoning. The coffee would also leave a slimy residue in her mouth from what she assumed was in the milk, make her sweat profusely, overtly emotional after the sweating stopped and make it hard to urinate. She changed the that way that she had her coffee made and even what location she bought her coffee from. That worked for a little while, but as soon as she let her guard down, she noticed that the sliminess and sweating would start again. Although the slimy residue would have its pauses. The pains, sweating and making it hard to urinate didn't. If it did, the pauses would be so brief that she barely noticed.

3

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 22-0037F | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Brittany Appleberry <br> **ADDRESS:** 2 Waverly St #308 <br> Boston, MA, 02119 <br> **ATTORNEY:** N/A <br> **ADDRESS:** <br> **BBO:** | | **COUNTY** Suffolk <br> **DEFENDANT(S):** Whittier Street Health Center Dental Department <br> **ADDRESS:** 1290 Tremont Street, Roxbury, MA, 02120 |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

**CODE NO.** B04  **TYPE OF ACTION (specify)** Other Negligence- Personal Injury  **TRACK** A  **HAS A JURY CLAIM BEEN MADE?** ☐ YES ☑ NO

"If "Other" please describe: Property Damage Broken teeth / improper Care.

Is there a claim under G.L. c. 93A? ☐ YES ☐ NO

Is this a class action under Mass. R.Civ. P. 23? ☐ YES ☑ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................. $ 2676
2. Total doctor expenses ................................................................................... $
3. Total chiropractic expenses ........................................................................... $
4. Total physical therapy expenses ................................................................... $
5. Total other expenses (describe below) ......................................................... $
   Subtotal (A): $

B. Documented lost wages and compensation to date ......................................... $
C. Documented property damages to date ........................................................... $
D. Reasonably anticipated future medical and hospital expenses ......................... $65,000
E. Reasonably anticipated lost wages ................................................................... $
F. Other documented items of damages (describe below) .................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X Brittany Appleberry    Date: 01.06.2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X    Date: