UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRITTANY APPLEBERRY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-11627-IT |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| DUNKIN' INC., and | * | |
| BOSTON UNIVERSITY SCHOOL OF | * | |
| DENTAL MEDICINE, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

June 21, 2023

TALWANI, D.J.

Pending before the court is the United States' Motion to Dismiss (the "Motion") [Doc. No. 10] claims brought by Plaintiff Brittany Appleberry against Whittier Street Health Center ("Whittier"). The Motion [Doc. No. 10] is granted for the reasons set forth herein and this action is remanded to the Superior Court of the Commonwealth of Massachusetts for Suffolk County as to claims against the remaining Defendants.

I.  **Background**

On January 6, 2022, Plaintiff filed a pro se Complaint [Doc. No. 1-3] in the Superior Court of Suffolk County, Massachusetts, against Defendants Whittier, Dunkin', and Boston University Henry M. Goldman School of Dental Medicine ("Boston University Dental"). Appleberry alleges that she has been a patient at Whittier for about five years. Compl. 1 [Doc. No. 1-3]. She asserts that she sought dental treatment from Whittier, including fillings, root canals, and crowns, and that she was informed at the start of her treatment that "ten teeth would have to be pulled[.]" Id. Appleberry alleges that she experienced numerous delays in treatment

by Whittier, including cancellations, rescheduled appointments, and long delays between appointments. Id. Appleberry asserts that during the delays, she experienced continuing deterioration of her teeth. Id. Appleberry alleges that when Whittier employees did complete procedures for Appleberry, they performed them incorrectly, resulting in bad tastes and bad smells indicative of decay, loose crowns, and improperly drilled holes in her teeth. Id. She states that Whittier employees also recommended unnecessary dental procedures and failed to recommend necessary procedures. Id. at 2. Appleberry alleges similar treatment by Defendant Boston University Dental. Id. Separately, Appleberry alleges injuries caused by food and/or coffee served by Defendant Dunkin', including joint pain, emotional effects, and other bodily injury. Id. at 1, 3.

On September 26, 2022, Whitter removed this action to federal court, see Notice of Removal [Doc. No. 1], and requested that the court substitute the United States for Defendant Whittier on the basis that Whitter was acting as an employee of the Public Health Service for purposes of 42 U.S.C. § 233(c) and thus was covered by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, Notice of Substitution [Doc. No. 2]; Cert. of U.S. Attorney for the District of Massachusetts [Doc. No. 2-3]. The court granted the unopposed request. Elec. Order [Doc. No. 5]. The United States then filed the instant Motion to Dismiss [Doc. No. 10] Appleberry's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that she has failed to exhaust her administrative remedies as required by 28 U.S.C. § 2675(a). Appleberry opposes the motion. Pl.'s Opp'n to Def.'s Mot. [Doc. No. 13].

**II.     Legal Standards**

    A.     *Rule 12(b)(1)*

Rule 12(b)(1) is "the proper vehicle for challenging a court's subject matter jurisdiction[.]" Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). Federal courts are courts of limited jurisdiction, so federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id.

    B.     *Federal Tort Claims Act*

The FTCA grants the district courts exclusive jurisdiction over claims against the United States for money damages for injuries caused by the negligence of a United States employee acting within the scope of employment. 28 U.S.C. § 1346. This limited waiver of sovereign immunity exists so long as the United States, if it were a private person, would be liable under the laws of the state where the events occurred. Id.; Abreu v. United States, 468 F.3d 20, 23 (1st Cir. 2006).

Before bringing suit against the United States, the FTCA requires that a plaintiff has first presented the claim to the appropriate federal administrative agency and received a final denial. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Green v. U.S. Postal Service, 285 F. Supp. 3d 416, 419 (D. Mass. 2018). This rule applies even where a plaintiff is proceeding without counsel. McNeil, 508 U.S. at 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### III. Discussion

The United States asserts that Appleberry failed to exhaust her administrative remedies as required by the FTCA where she did not file an administrative claim with the United States Department of Health and Human Services ("Health and Human Services") prior to commencing the action in state court. Mem. in Supp. of Mot. to Dismiss 1, 6 [Doc. No. 11]. In support of this assertion, the United States submitted the Declaration of Meredith Torres ("Declaration") [Doc. No. 11-1], a Senior Attorney in the Office of the General Counsel for Health and Human Services. As stated in the Declaration [Doc. No. 11-1], Torres could not identify any claim filed by Appleberry or on her behalf by an authorized representative.

In opposition, Appleberry offers the letter she submitted to the Commonwealth of Massachusetts Executive Office of Health and Human Services.[1] Mem. in Opp'n to Def.'s Mot. to Dismiss Ex. A [Doc. No. 14-1]. However, the FTCA bars actions against the United States for money damages "unless the claimant shall have first presented the claim to the appropriate *Federal* agency[.]" 28 U.S.C. § 2675(a) (emphasis added). The letter submitted to the Commonwealth of Massachusetts does not satisfy the requirement that she file a claim with the appropriate federal agency.

In sum, Appleberry has not met her burden of demonstrating the existence of federal jurisdiction. See Viqueira, 140 F.3d at 16. Because the FTCA's exhaustion requirement cannot

---

[1] The court may consider materials extrinsic to the complaint in evaluating a 12(b)(1) motion to dismiss without converting to a Rule 56 motion for summary judgment. Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000); Brooks v. Love, 527 F. Supp. 3d 113, 116 (D. Mass. 2021).

be waived, Appleberry's suit must be dismissed as to the United States for lack of subject matter jurisdiction. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).[2]

### IV.     Conclusion

For the foregoing reasons, the United States' Motion to Dismiss [Doc. No. 10] is GRANTED. Accordingly, the claims as to the United States are dismissed without prejudice and, because no independent basis for federal subject matter jurisdiction exists, the case is remanded, pursuant to 28 U.S.C. § 1447(c), to the Superior Court of the Commonwealth of Massachusetts for Suffolk County for further proceedings as to the remaining Defendants.

IT IS SO ORDERED

June 21, 2023                                                              /s/ Indira Talwani
                                                                                    United States District Judge

---

[2] The dismissal is without prejudice. FTCA claims must be presented to the appropriate federal administrative agency within two years of accrual of the cause of action, and any suit must be begun within six months of final denial from the agency. 28 U.S.C. § 2401(b); United States v. Wong, 575 U.S. 402, 405 (2015). The FTCA contains a narrow savings provision that applies, however, when the United States is substituted as a party and the action is dismissed for failure to exhaust administrative remedies. 28 U.S.C. § 2679(d)(5). In these cases, an administrative claim may nonetheless be considered timely if (a) the claim would have been timely if it had been presented to the agency on the date that the civil action was filed, and (b) the administrative claim is presented within sixty days after dismissal of the civil action. Id. Accordingly, to the extent that the claim would have been timely if it had been presented to the agency by January 6, 2022, when this action was filed in state court, Appleberry may be able to cure her failure to exhaust administrative remedies by submitting a claim to the appropriate federal agency within sixty days of the issuance of this order.